UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORRELL SANTANA COLE,<br><br>           Plaintiff,<br><br>     v.<br><br>SOTO, et al.,<br><br>           Defendants. | No. 1:25-cv-00460 GSA (PC)<br><br>ORDER DISREGARDING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(ECF No. 7) |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's motion for a temporary restraining order and a preliminary injunction. ECF No. 7. For the reasons stated below, the Court will disregard it as prematurely filed.

I.  MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

In Plaintiff's motion for a restraining order and a preliminary injunction, he requests the Court to order "Defendants, their successors in office, agents, and employees and all other persons acting in concert and participation with them" to provide safe and secure Americans with

1

1  Disabilities Act barrier-free wheelchair accessible housing in order to ensure his health and
2  safety.  See ECF No. 7 at 1.  He states that the cell to which he is currently assigned is not "ADA
3  accessible" and that this is causing injuries to his kneecaps as well as denying him access to
4  reasonably safe housing.  Id. at 3.  He further states that he is being housed in a double cell
5  instead of a single cell, despite his ADA status, and that this living condition "poses a threat to
6  [his] life."  Id. at 9 (brackets added).

## II. DISCUSSION

### A. Applicable Law

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).  An injunction may only bind parties to the action, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with those who receive actual notice of the order.  Fed. R. Civ. P. 65(d)(2)(A)-(C); Zepeda, 753 F.2d at 727.  However, a non-party with notice cannot be held to be in contempt until shown to be in concert or participation.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Saldana v. Spearman, No. 2:18-cv-0319 KJM AC P, 2022 WL 1460373, at *1 (E.D. Cal. May 9, 2022) (citing Zenith).

### B. Analysis

This case is at the pre-screening phase of the proceedings.  Specifically, Plaintiff's application to proceed in forma pauperis has yet to be granted, and it appears on the face of Plaintiff's complaint that Plaintiff may not have exhausted administrative remedies prior to filing his complaint with the Court.  See generally ECF No. 1 at 3, 10 (Plaintiff's ambiguous statements regarding exhaustion).  As a result, no jurisdiction over any of the individuals against whom Plaintiff seeks the restraining order and preliminary injunction has been established by the Court.  For this reason, Plaintiff's motion will be denied as having been prematurely filed.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a temporary restraining order and a preliminary injunction (ECF No. 7) is DISREGARDED as having been PREMATURELY FILED.

2

IT IS SO ORDERED.

Dated:   **April 28, 2025**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE