UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORRELL SANTANA COLE,<br><br>          Plaintiff,<br><br>     v.<br><br>SOTO, et al.,<br><br>          Defendants. | No. 1:25-cv-00460 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY HIS APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED AND THIS MATTER NOT BE SUMMARILY DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 7)<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be summarily dismissed for failure to exhaust administrative remedies and why his application to proceed in forma pauperis should not be denied as moot. Plaintiff will have fourteen days to file the showing of cause.

1

I. RELEVANT FACTS

On April 22, 2025, Plaintiff's complaint was docketed along with his application to proceed in forma pauperis. ECF Nos. 1, 2. The Court considers both herein.

II. PLAINTIFF'S COMPLAINT

A. Pertinent Facts Alleged

Plaintiff, an inmate currently incarcerated at California Substance Abuse Treatment Facility ("CSATF"), names various individuals and Does as Defendants in this action, all of whom were employed there at the time of the incidents in question. See ECF No. 1 at 1-2. Plaintiff contends that Defendants are violating his First and Eighth Amendment rights, as well as his rights under the Americans with Disabilities Act because they have failed to house him in a single cell despite the fact that he is wheelchair-bound and that he has incontinence-related health issues. See generally ECF No. 1 at 3-12.

Plaintiff states that from August 20, 2024, until April 16, 2025, because of his disabilities and related ADA status, he had been placed in a single cell. See ECF No. 1 at 5. Plaintiff claims, however, that after he filed grievances against prison staff for not allowing inmates with certain ADA statuses to receive incontinent showers, the prison officials "changed drastically" and began threatening him to "cell up or get written up." Id. at 6 (internal quotation marks omitted).

Thereafter, Plaintiff states that on or around April 15th or 16th, 2025, one of the Defendants told him that he if he did not agree to be double-celled, he would be issued a rules violation report for refusing to do so. ECF No. 1 at 6. Ultimately, Plaintiff was put in a cell with another inmate, who Plaintiff claims is mentally unstable and "poses a barrier to [his] wheelchair access." Id. at 7 (brackets added). Plaintiff contends that this demonstrates Defendants' deliberate indifference to his serious medical needs and safety. Id.

B. Procedural Deficiencies

A review of the complaint indicates that when Plaintiff is asked whether there are any grievance procedures available at CSATF, in both Claim One and Claim Two, Plaintiff checks both the Yes and No boxes and writes that *legitimate procedures unavailable*. See ECF No. 1 at 3, 10. When then asked if he submitted his appeal for each claim to the highest level, his

1 response in both Claims is "Yes." However, when then asked if he did not submit an appeal or a
2 request for administrative relief at any level, why he did not do so, in Claim One, Plaintiff
3 responds, "And [sic] emergency appeals filed due to imminent threat to safety." Id. at 3 (brackets
4 added) (error in original). Plaintiff has not provided an answer to this question in Claim Two.
5 See id. at 10.

### III.   APPLICABLE LAW

The claims of inmates who challenge their conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (brackets added) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)); Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative remedies . . . before that complaint is tendered to the district court."). There are few exceptions to this rule. See Ross v. Blake, 578 U.S. 632, 643-44 (2016) (exceptions to exhaustion requirement).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." Ross, 578 U.S. at 642 (brackets in original). In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 644. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at 639. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 632.

IV. DISCUSSION

A. Additional Relevant Law

The filing of a grievance serves to give a prison notice of the problem that a prisoner would like to have resolved. See generally Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010); Parthemore v. Col, 221 Cal. App. 4th 1372, 1380 (2013). Additionally, the purpose of the exhaustion requirement is to give corrections officials both the time and the opportunity to address complaints internally before a federal case is started. Porter v. Nussle, 534 U.S. 516, 524-25 (2002); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Nussle).

Compliance with prison grievance procedures is required by the Prison Litigation Reform Act in order to properly exhaust. See Jones v. Bock, 549 U.S. 199, 218 (2007). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." Woodford v. Ngo, 548 U.S. 81, 95 (2006). "It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218; accord Woodford, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). The exhaustion requirement is not satisfied when grievances are dismissed by prison officials because prisoners miss deadlines set by the grievance policy. Jones, 549 U.S. at 217-18 (citing Woodford, 548 U.S. at 93-95).

B. Analysis

A review of the complaint clearly shows that Plaintiff's claims of constitutional violation of right stem from the fact that on either April 15th or April 16th of 2025, after he had filed grievances related to CSATF prison officials denying certain ADA-status inmates incontinent showers, Plaintiff was moved from a single cell to a double cell. The complaint also shows that on April 22, 2025, Plaintiff purportedly signed the complaint and sent it to the Court for filing. See ECF No. 1 at 14 (signature date of complaint). Interestingly, the complaint was also filed with the Court on that same date, April 22, 2025.

Given these findings, it is clear on the face of the complaint that Plaintiff did not exhaust his administrative remedies and he has not provided a viable excuse under Ross to excuse that failure. See generally ECF No. 1. Therefore, Plaintiff's complaint must be summarily

dismissed. Consistent with any dismissal, his application to proceed in forma pauperis must also be denied as moot. However, prior to making these recommendations, Plaintiff will be given the opportunity to inform the Court why this should not happen. He will be given fourteen days to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall SHOW CAUSE why it should not be recommended: (a) that his application to proceed in forma pauperis be denied as moot and (b) this matter be SUMMARILY DISMISSED for failure to exhaust administrative remedies prior to filing this action, and

2. Plaintiff's showing of cause shall be filed within fourteen days from the date of this order.

**Plaintiff is cautioned that absent exigent circumstances, no extensions of time will be granted to comply with this order.**

IT IS SO ORDERED.

Dated:   **April 28, 2025**                    /s/ Gary S. Austin
                                               UNITED STATES MAGISTRATE JUDGE

5