1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KORRELL SANTANA COLE,                      No. 1:25-cv-00460 KES GSA (PC)

12                    Plaintiff,                ORDER ACKNOWLEDGING PLAINTIFF'S
                                                NOTICE OF VOLUNTARY DISMISSAL OF
13            v.                                THIS MATTER

14   SOTO, et al.,                              (See ECF No. 14)

15                    Defendants.               ORDER DIRECTING CLERK OF COURT TO
                                                CLOSE THIS CASE, CONSISTENT WITH
16                                              PLAINTIFF'S NOTICE

17                                              Fed. R. Civ. P. 41(a)(1)(A)(i)

18

19            Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

20   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

21   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22            On April 29, 2025, the Court ordered Plaintiff to show cause why his application to

23   proceed *in forma pauperis* should not be denied and why this matter should not be closed for

24   failure to exhaust administrative remedies.  ECF No. 13.

25            On May 15, 2025, Plaintiff filed a notice to voluntarily dismiss this matter.  ECF No. 14.

26   For the reasons stated below, the Court will acknowledge Plaintiff's notice and consistent with it,

27   the Court will direct the Clerk of Court to close this case.

28

                                                   1

1     I.     RELEVANT FACTS

2          On April 22, 2025, Plaintiff's complaint was docketed along with his application to

3     proceed in forma pauperis.  ECF Nos. 1, 2.

4          On April 29, 2025, the Court ordered Plaintiff to show cause why his application to

5     proceed in forma pauperis should not be denied and why this matter should not be closed for

6     failure to exhaust administrative remedies.  ECF No. 13.

7          As the Court explained, the complaint reflects that when Plaintiff was asked whether there

8     are any grievance procedures available at CSATF, in both Claim One and Claim Two, Plaintiff

9     checked both the Yes and No boxes and writes that *legitimate procedures unavailable*.  See ECF

10    No. 1 at 3, 10.  When then asked if he submitted his appeal for each claim to the highest level, his

11    response in both Claims was "Yes."  However, when then asked if he did not submit an appeal or

12    a request for administrative relief at any level, why he did not do so, in Claim One, Plaintiff

13    responds, "And [sic] emergency appeals filed due to imminent threat to safety."  Id. at 3 (brackets

14    added) (error in original).  Plaintiff did not provide an answer to this question in Claim Two.  See

15    id. at 10.

16         As the Court further explained, the complaint clearly shows that Plaintiff's claims of

17    constitutional violation of right stem from the fact that on either April 15th or April 16th of 2025,

18    after he had filed grievances related to CSATF prison officials denying certain ADA-status

19    inmates incontinent showers, Plaintiff was moved from a single cell to a double cell. The

20    complaint also shows that on April 22, 2025, Plaintiff purportedly signed the complaint and sent

21    it to the Court for filing. See ECF No. 1 at 14 (signature date of complaint). Interestingly, the

22    complaint was also filed with the Court on that same date, April 22, 2025.

23         The Court further explained that, given these findings, it is clear on the face of the

24    complaint that Plaintiff did not exhaust his administrative remedies, that he has not provided a

25    viable excuse under Ross to excuse that failure, and that his complaint must be summarily

26    dismissed.

27         Thus, on April 29, 2025, Plaintiff was ordered to show cause and was given 14 days to

28    respond.  Id.  On May 15, 2025, Plaintiff filed a notice to voluntarily dismiss this matter.  ECF

1  No. 14.

2      II.    <u>DISCUSSION</u>

3          In the notice, Plaintiff states that he would like the Court to dismiss this case without

4  prejudice and provides some contextual information on his reasoning.   Plaintiff explains that he

5  did not receive the Court's April 29, 2025 order to show cause until May 6, 2025, and due to a

6  modified lockdown he was unable to do research or rebut the Court's recommendation—

7  ostensibly regarding exhaustion of administrative remedies—in a timely  effective manner.  ECF

8  No. 14 at 2.  Thus, Plaintiff explains that he is choosing to voluntarily dismiss in order to cure the

9  deficiencies in a new petition.  <u>Id.</u>  Plaintiff attaches a "Daily Program Status Report" (<u>Id.</u> at 6)

10  which he states establishes his lack of access to a law library.  <u>Id.</u> at 2.

11          Plaintiff further explains that—for the record—he believes the Court erred in refusing to

12  recognize an irreparable injury exception to the PLRA because he clearly explained there was an

13  imminent threat to his personal safety and that he was facing irreparable harm and imminent

14  retaliation.  <u>Id.</u>  Finally, Plaintiff explains as follows:

15          Corcoran 'SATF's' grievance process is not capable of use to obtain relief
16      because it operates as a simple dead end with the office of grievances consistently
       unwilling to provide any relief to aggrieved prisoners, and prison administrators
17      thwart IPS from utilizing it through intimidation and misrepresentation.  My
       grievance filings include many administrative dispositions that show that the office
18      of grievances routinely dismiss and mishandle my complaints by refusing to
       investigate them and improperly screening them out as duplicates, inclusively
19      denying each and every American Disabilities Act reasonable accommodation
20      request I ever filed.  This is being done by machination.  There is no remedy, the
       prison will not provide a remedy.  5. I still face an imminent threat to my health
21      and safety and I cannot defend myself due to my physical limitations/disability.
       The issue is ongoing.  But it is obvious that the Magistrate gives my situation no
22      heed.  <u>Id.</u> at 3.

23          As discussed above, Plaintiff clearly expressed his desire to voluntarily dismiss the matter

24  to allow him "to cure the deficiencies in a new petition".  Accordingly, the notice of voluntary

25  dismissal will be construed as such.  The Court will not analyze or otherwise address the

26  additional statements and arguments quoted above as Plaintiff does not request such be done.

27          Federal Rule of Civil Procedure 41 permits a plaintiff to voluntarily dismiss a case

28

3

without a court order if an opposing party has not yet served an answer or a motion for summary

judgment.  See Fed. R. Civ. P. 41(a)(1)(A)(i).  Given that this case has not yet been screened,

Plaintiff's notice that he would like to dismiss this case is permitted under the rule.  The Court

acknowledges this herein and consistent with Plaintiff's notice it will direct that the Clerk of

Court close this case.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Court herein ACKNOWLEDGES Plaintiff's notice of voluntary dismissal (ECF
    No. 14).  See Fed. R. Civ. P. 41(a)(1)(A)(i),

2.  The case will be dismissed without prejudice, and

3.  Consistent with Plaintiff's notice of voluntary dismissal (ECF No. 14), the Clerk of
    Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   **May 16, 2025**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

4